■ ROBERT J. RAPHAEL, Appellant, v LAKELAND CENTRAL SCHOOL DISTRICT, Respondent. [609 NYS2d 254] —In an action, *inter alia,* to recover damages based on his allegedly wrongful suspension from his employment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated November 29, 1991, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff was arrested in May 1988 and charged with sexual abuse in the second degree upon the complaint of an 11-year-old boy. The plaintiff was ultimately acquitted of this charge after a trial. In the meantime, he had been suspended, with pay, from his job as a school bus driver.

In his complaint, the plaintiff alleged that the defendant Lakeland Central School District "knew, or should have known that [the boy who accused him of sexual abuse] was a Special Education Student with severe psychological problems and sexual vexations". He claimed that the defendant negligently failed to advise him of "prior problems" with the boy. He also alleged that the defendant "negligently fail[ed] to provide a hearing" prior to his suspension.

The Supreme Court correctly held that these allegations, considered along with all the other allegations contained in the complaint, fail to state a cause of action *(see,* CPLR 3211 [a] [7]). There is no allegation that the defendant was in any way responsible for the false accusation of sexual abuse made against the plaintiff and there is no allegation that the defendant was bound, by statute or by contract, to provide a hearing to the defendant prior to his suspension with pay.

Further, the complaint contains no allegation as to any oral or written statement having been made by the defendant or any agent of the defendant relating to the charges of sexual abuse brought against the plaintiff. The allegations in the complaint to the effect that the plaintiff "was held to the ridicule of the community", cannot, therefore, be viewed as stating a cause of action based on libel or slander.

For these reasons, the order appealed from is affirmed. Bracken, J. P., Rosenblatt, Copertino and Hart, JJ., concur.